with United States v. Adams, 183650. Mr. Adams, I came into this case after the sentencing. I'm with Mr. Koch, Bill William Koch, who was one of the attorneys who represented Mr. Adams below. I don't think there's in which so many so blatant and so harmful Rule 11 errors occurred. The rule requires that the defendant be informed as to the maximum possible penalty, including imprisonment, fine, and supervised release, the court's authority to order restitution, and the court's on all of those. Listen to how long it takes to properly advise Adams as to what he faces. He faced a fine of $1 million or twice the gross gain or twice the loss. He faced incarceration for 16 years. They're telling you now 22 years, but it's really 16 years. He faced supervised release for three years. He faced a mandatory assessment of $400. He should have been told the court can't issue a restitution order, but they could make restitution part of your supervised release. And that's it. It takes 30 seconds. Instead, we have pages of transcript in which everything is wrong. They say he faces a $100,000 fine on counts 1, 2, 3, 4, and 5, and 5,000 on count 6. That's just wrong. Oh, wait. They said $100,000 or twice the gain or loss. They did. They did. I was about to add that. Yeah. They did say that. Twice the gain or loss is at a minimum something like $5 million, even by your calculations of what the correct loss calculation and potential restitution would be. Is that right? No. I think because the — no, because that adds in all the accrued interest and — No. I thought the accrued — correct me if I'm wrong. I just want to make sure I understand the calculations. I thought that the government's position was that including interest and penalties, the amount came to 4-point-something million, but that your calculation was that's wrong because it's really only 2.6 million. So twice the gain or loss would be, I thought by your calculation, over $5 million, but maybe I'm wrong about that. No, no. That is right. That is right. Yeah. Yeah. Yeah. And they did tell him that. Yeah. That's true. That's true. You know, they told him — they told him you're going to — each count carries five years. This count carries five. This count carries three, three, three. And the government takes the position, I think even now, all you have to do in order to figure out what the maximum is, add them all up together, and that's wrong because two of the counts merge into the other counts. He didn't face 22 years, although the government may get up and tell you he faced 22 years. He faced 16 years. And your view is that the failure to do that math by the court or by the government requires that he gets his plea back? I'm not telling you that the government has to say this count can run concurrent, this count has to run consecutive, this count could run consecutive. I'm not saying that. I'm saying what the rule says. They have to tell him what the maximum prison he faces. Well, they did for each count, right? But that's wrong. But what do I do with that? I'm a layman. You say you face this, this, this, and this. He hears it. He thinks it's five years because, you know. So what you're saying is they have to tell him it's — it could be consecutive so that the total would be 22 or 16, as the case may be. They can do it if they want to do it that way. What they have to tell him is what the maximum is, which is 16 years. They have to say, if you plead guilty to this, the judge could sentence you to 16 years in jail. That's what they're going to tell him. Now, if they want to say, if you plead guilty to this on count one, you could get five. On count two — I'm not saying it quite right, but on count two, you get three. But those have to merge, so you only face five there. But then on count four, you could get five, and that could run — if they want to do it that way, that's fine. But it's easy. All you have to do is say you face 16 years. I mean, if you're pleading guilty, you want to know what you're facing. This guy thinks he's getting five. Why do you say he thinks he's getting five? Because we filed an affidavit of his in the motion to reduce bond in which he said, when I pled guilty, I only thought I was going to get five years, and I never would have pled if I was going to get more. And that's the basis for it. Are you asserting also ineffective assistance of counsel, that his counsel didn't explain to him the consecutive nature of sentencing? I think everybody was ineffective. The district court didn't even know that — didn't even know it. No, just answer my question. Are you saying counsel was ineffective? I think that — I think — I think that, yes. If I — if I had failed to disclose to my client what the maximum statutory penalty was, I think I would have been ineffective, yes. But it's — it's the failure to explain the concept of consecutive sentences. That seems to be all you're saying. No, that's not what I'm saying. What I'm saying is the rule says you've got to tell the guy what the maximum imprisonment he can face is. Which happened for each count in this case, right? But — but — but what — but no. No, because if you add up all the counts, that's not the maximum. You've got to tell him you face 16 years, not — look, you know, we do this all the time. And we hear — we know that federal sentences can run consecutive. If you're a layman sitting there, you could face five years on this count and five years on that count, okay? They don't even say that. You can face five years and five years, because that's what happens in Vermillion, the main case that — that is in this Court. If you say you face five years on this count, you face five years on this count, how is the guy supposed to know whether that's 10 years or five years? I mean, I just — that under Rule 11, a court is required to inform or warn a pleading defendant that it may be consecutive. I mean, I suppose that's another way of saying it, but — That's what you must be arguing, because — I don't think you — Because if you tell me that there are — I'm pleading — if you plead guilty to five on each of those counts, the maximum is five years. Right. Then I think that it's a fair inference that I might be exposed to 25 years. But you're telling us that it needs to be explicit, explicitly said. That's the requirement under Rule 11. Rule says you've got to tell them of the maximum. It doesn't — it doesn't say the maximum per account. It says the maximum. Is there any case in any court of appeals, federal court of appeals, that you're aware of that says that? In other words, that says that an advice like the one here is insufficient? I think — I think — I think Vermillon, the case that they rely on, says that. Because Vermillon accepts the fact the guy had to know what the maximum was. But what happened in the case was the judge said, you face this — Excuse me. We all accept it is the law. It's what the rule says, that he has to be told what the maximum is. The question is, is saying 5 and 5 and 5 and 3 and 3 and 3 is good enough, or do you have to say explicitly that means a maximum of whatever it is, 22 or 16? They didn't say 5 and 5. In Vermillon, they did. In Vermillon, it said 5 and 5. Because the word also is there, makes all the difference? It does. If I hear 5 and 5, I add it to 10. If I hear count 1 carries, count 2 carries, count 3 carries, I don't know. And if I add them up, I still — I get the wrong number. It's not 22. It's 16. I mean, it's not just being a layman. It's being someone who's experienced in the law. If you tell me you face this on this count, this counts, this counts, and I add them up, I get 22, and that's wrong. Is the government right or wrong that five circuits have said an allocution like this is sufficient? Wrong.  Wrong. Because if you read each of those cases, you'll see they're all cases like Vermillon in which they say, but the judge did say and, or there's something else there. There is — in each of those cases, there's dicta that says — But they said you would have no problem with this allocution if the judge had said or the government on behalf of the judge had said you face on count 1 five years and on count 2 five years and on count 3 five years and so on. By putting the word and in, that would solve the problem? Well, it would if it were really true, because it's not and, and, and, and. It's you face this much on this and this much on this. But this one you don't face any more time on. And this one you don't face any more time on. So the judge is — there's a separate error, which I did not quite pick up from your brief, and I apologize if it's there, a separate error in failing to instruct the defendant that some of the counts could not carry consecutive time. Right. Right. Okay. Right. It's a dual error. I mean, I mean, take a look at supervised release. You know, you get 3 years and 3 years and 3 years and 3 years. So we add all that up and get 10 years? No. Because the statute says they have to run concurrent. You've got to tell the poor guy what he's facing.  Was he advised of that, that the supervised release could all be concurrent  They didn't tell him that. They said this count carries 3 years, this count carries 3 years, this count carries 3 years. I add them all up, I get 10? The way they say I should add up the imprisonment and get 22? That's wrong, though. It's wrong. So I'm not saying you've got to say it has to run concurrent or it could run concurrent or it might run concurrent. I'm just saying you've got to tell him you face 16 years on this, buddy, and you face 10 years supervised release, and you face a fine of a million bucks. You know, I mean, that's what you've got to tell him. And every single, you know, super, I mean, how hard is it? How hard is it? Can I ask a practical question about this? My recollection is that that's what I did as a district judge, or at least that I said, and by the way, you should be aware if there's multiple counts that all of those could be run consecutively. As someone who, I take it you practice in Connecticut with some regularity. Yeah. Is that the custom in most cases? Do most judges do that? The custom in most cases is to say, so you face a total effective sentence of, in this case, 16 years, a million-dollar fine or twice as much. Yeah. I'm just curious as to what the practice is, whether it's legally required or not. It does not depend on whether judges typically do it or don't do it, but. Right, right. No, I think most judges will say you face it. So here what a judge would have said is, and remember, it's not the judge who's a terrific magistrate, lets the government do it. So what the government should have said is, you know, so he faces a total effective sentence of a million dollars or twice the gross gain, 16 years. I mean, they don't even get to see. I don't think you can blame this on the government, but absolve the judge, right? The judge is responsible for the Rule 11 colloquy. You've said so many times that the judge can slough that duty off to the government. Well, and if they do it poorly, it's on the judge, right? Yeah. I've got to appear in front of Judge Richardson all the time. I don't want to say. But, yeah, you're right, Judge. Would you like the transcript of this sealed? I have. I've used up all my time. There's one more thing that maybe on my rebuttal I can get to, but it will only take a moment.  You've reserved some time for rebuttal. Thank you, Your Honor. So we'll hear from the government. Good morning. May it please the Court. My name is Susan Wines, and I'm appearing on behalf of the United States. So there's no plea agreement in this case, right? There is not, Your Honor. And there was no Pimentel letter, as it's often referred to. There was not, Your Honor. Why not? That is not our practice in the District of Connecticut. It's because the time it would have taken to write a Pimentel letter would have been more than the time it took to write the brief in this case or to drive down from Connecticut or to have us read the briefs and for us to argue this today? I certainly might consider it in the next case. It's not our practice to do that, and it wasn't done in this case. Isn't it? I mean, I thought that Pimentel said you're supposed to. Required. You're required to. Am I mistaken about that? We – there is no Pimentel letter in this case. There is none in this case. And I thought from your brief that you were saying, well, that's excused because this was like a sudden decision, and he just got up and said on the morning of trial I want to plead. And so, naturally, it took everyone by surprise, and we just didn't look the gift horse in the mouth and took the plea. But you're telling me now that in the District of Connecticut there is no practice of giving Pimentel letters, even in the case of someone who gives notice well in advance of trial that he's going to change his plea? Lest I get the rest of our office in trouble, Your Honor, let me clarify. I've only had one other instance during my approximately 11 years in the district in which a defendant has entered a guilty plea to all charges of the indictment. And in that case also there was not a Pimentel letter. It certainly was the case in this Court that Mr. Adams' plea, although discussed over the course of the Columbus Day weekend two years ago today, was not at all a certainty as can be readily understood by the procedural fits that went on during the course of this case. It is also not my experience in front of the district court judges in our district that they engage in an exercise of math in advising a defendant who is preparing to plead guilty to more than one count, that a district court judge will add up the maximum penalties that are applicable to each proposed charge. Well, does your standard plea agreement do the math for them? Our standard plea agreement does not do the math. Mr. Adams does not dispute. Although counsel tries to weave a path around this, that he was told the maximum possible term of imprisonment applicable to each count. Nothing in Rule 11 mentions the requirement that he be informed of a potential consecutive sentence, and indeed the overwhelming weight of authority say that that sort of advisement is simply not required. What's the standard of review here? I'm sorry? What is the standard of review? The standard of review here, Your Honor, is plain error. Mr. Adams has failed. So our position not only is this not error on the face of the rule, it's certainly not plain, because in this case, this Court need not be concerned about a lack of knowledge on Mr. Adams' part. Notwithstanding this declaration that he submitted saying, I thought I was facing he says 22 years, by the way, or had I been told I was facing 22 years, or certainly more than 60, I wouldn't have entered my plea, but he did know. The PS or the government calculated the advisory sentencing range of 78 to 96 months. 60 months isn't even in the rearview mirror. Wait. That was calculated at the time of sentence. This is correct, Your Honor.  But I take it what you're going to say is, by the time of the sentencing he knew and he didn't get up and say, what are you talking about, or his lawyer didn't get up and say, what are you talking about, 78 months or whatever, 90 months is the guideline range, I thought I couldn't get more than 5 years, right? Is that the point you're making? Correct, Your Honor. Not only did he not say, what are you talking about when you're talking about more than 60 months, Mr. Adams' own sentencing brief at Government Appendix 375, they calculated the applicable. They were arguing for a sentencing range of 53 to 61 months. They got the range a little wrong, because there is no range that's 53 to 61. It's actually 51 to 63, but in any event, it's over the 60, purported 60-month cap that they purport now to say, I thought there was a 60-month maximum. There was nothing said about that. Indeed, if you're calculating a range that goes over a maximum term, you say 53 to 60 or 51 to 60, you don't then argue for a range that straddles this maximum that you say you thought was in place. Mr. Adams knew all this at the time of the sentencing when that went forward. Not only did he fail to object at any time during this year period in between the guilty plea and the sentencing, when that court, the sentence was actually imposed, there was no issue about this advisement until this brief was filed. He cannot show on that record that there was an effect on his substantial right or that there was any injustice here when he was sentenced within a properly calculated guidelines range. He was afforded a procedurally sound hearing, and the district court found numerous aggravating factors to apply. I was going to ask, I came in planning to ask you whether regardless of how the case comes out and regardless of what the law absolutely requires, don't you think it would be a good idea for your office to include an advisement? Maybe Mr. Donovan's argument gives me a second thought about that because now it turns out that there could be a trap for the unwary there, that if he'd been advised 16 years, there might be an argument that that was wrong because, after all, he was pleading guilty to these counts and thus waiving double jeopardy protections, so maybe that was really wrong. And so maybe it's not such an easy matter always to figure out what the consecutive versus concurrent sentencing consequences would be or the precise number that would be the answer. I think there are very good reasons for not requiring. It would be, it's easy to say, why couldn't the district court just say, and these could have been run consecutively, but that obviously then raises the specter of this math problem, which introducing math is obviously an issue. But advising of this cumulative total, whatever that may be, at one point the defense said it was 22, then they're saying it's 16 because of this double jeopardy argument that we think has no merit, that would make the happenstance of the number of charges that are brought in an indictment to be more impactful, potentially coercive. If then you have a low-loss or a relatively low-loss fraud case that involves, say, 10 counts of mail-or-wire fraud, you would be advising a criminal defendant you're facing a possible sentence if these are imposed consecutively of 200 years when everybody knows. Isn't that the case? Isn't that true, that that is what he could be facing? Are you saying the judge could say, oh, well, but don't worry about that. You just heard 10 counts times 5 years. You may think that's 550 years, but it really isn't because I'm not likely to do that? I don't think that that is within what the rule requires. And I think that there are many problems with imposing this requirement. I mean, look, if Congress, if the rulemakers had decided that this was a good idea to include in the rule, were saying it's a very simple thing, the court could have just advised him that this was potentially consecutive, so, too, it would have been a simple thing to have included it in the rule if that's what the rulemakers intended the advice to include. They didn't. And no court case that Mr. Adams cites or that we could find says that this was a mistake. And that Vermeulen case, by the way, does not support the defense position. Obviously, that was a case the court didn't add up the 5-year term and a 5-year term. Nowhere was the defendant in that case advised of a potential 10. They were advised of the max. It did arise under a different rule. I think its principles are still applicable. Your Honor, I see that I am running out of time. If there is a question with respect to anything in particular, I can turn to that. Otherwise, I can finish out the Rule 11 issue with respect to restitution. There, I acknowledge during the Rule 11 colloquy, certainly I'm the one who participated in that, and the advisement concerning restitution could have been better. To the extent that was error, it was clearly not plain for two separate reasons. Well, it was also another interesting example of where it's not so clear exactly what should be told, because aren't you – if you concede that that was somehow an error on the part of the court to allow the defendant to be told that there could be restitution, there could be restitution ordered. It's a very highly technical point that maybe he should have been told that there could be restitution, but only as a condition of supervised release, which would start once you're out of prison. That's exactly the kind of thing I would think you're saying defendants don't need to be told, because the heart of the matter is that he could be exposed to restitution. If he pleads guilty, he may have to pay back the government, right? Shouldn't he be told that? He was told that restitution was an issue in this case. The problem is not with the Rule 11, isn't it? The problem is with the sentence. The Court was not clear in the statutory basis for imposing restitution, but it is certainly clear that the Court has and had authority to impose it under 3583d. But not to start until after he finished serving his sentence, in other words, as a condition of supervised release. That is correct, Your Honor. That was in error. That didn't happen, right. So we should remand for a change in the judgment? I would ask, and this may be a big ask, that this Court consider modifying the judgment and affirming as modified if you find it to be just under the circumstances. And I think that there are circumstances that render that result, albeit perhaps unusual, I don't appear a lot in this Court, but that might be unusual. Restitution, the Court's intention to impose restitution as a provision of supervised release was clear. The Court clearly was clear in its findings as to what the amount of that restitution was, and also was clear in terms of a factual underpinning for awarding accrued interest on that. Did we – did the Court say as one of the – I'm sorry, I didn't look this up. I should have, it occurs to me. Did the Court make it a condition of supervised release that you maintain your restitution payments? Yes. The Court clearly did that in the judgment, Your Honor. The problem was with the word immediately. Yeah. It was a restitution of 4,872,172.92 to begin immediately, and then the Court in the check-off boxes that follow that judgment checked the box for you must make restitution under the mandatory condition. You say that this is a big ask, but really what you're asking is a very technical thing that we are empowered or authorized to do, which is to uncheck the immediately and leave the rest alone. That's exactly what we're arguing, Your Honor. It appears to us that you have the authority under 2106 to modify the judgment in a way that will make it conform with the district court's judgment. Well, this gets highly complicated, though. The judge, the amount of restitution was set in the course of giving the sentence, not in the conditions of supervised release, right? I mean, in other words, it says, the judge said, here's your restitution obligation. That's part of the sentence. Oh, and by the way, and you're on supervised release for X years, and it's a condition of that that you make, you pay the restitution. You see what I'm getting at is that the judge may have thought, well, this is mandatory, so here's the answer for what the restitution amount is. At least in theory, if the judge were setting a discretionary restitution amount as part of the conditions of supervised release, is there some possibility she might have done it differently? I don't think so, Your Honor. First of all, there was no dispute in the lower court whatsoever about what the amount of that restitution was. That's another thing that was forfeited, arguably. That's correct. This is correct. There was no dispute about the amount, except for the legal arguments concerning interest and penalties. The court went over those calculations. The court considered very detailed calculations, including a memorandum that the government submitted specifically on this issue, and came to the conclusion, based on a healthy degree of back and forth on an issue that wasn't in dispute, that the restitution should be this 4.872 number. So regardless, immediately or on supervised release, it's going to be this, because there was no dispute, as you put it. This is correct. You're asking us to do what the Fifth Circuit did in almost exactly the same circumstances in U.S. v. Bolton. This is exactly right, Your Honor. I see my time is up, and so if there are no further questions, I will thank you for your consideration. Thank you very much. Mr. Donovan. I know my time is up. You've got two minutes, so take your time. Just a couple of things. It seems I'm in a different case. The problem with restitution isn't that they didn't describe the conditions of probation, of supervised release as opposed to a restitution order. It's that they told them on certain counts you can get restitution. We're going to be seeking restitution on this count, this count, and this count. They didn't tell them they were going to seek restitution on this count, this count, and this count. That's the problem. The second problem is this isn't just a question of just this. Isn't this in tension with your other argument? Because on the sentencing, it seems to me you're saying what really matters to a defendant is he has to get what's the worst that can happen to you, and it wouldn't matter if you didn't say anything about what the maximum is on each count. The point is he has to be told it could add up to 16. Now you're saying with respect to restitution, it doesn't matter that he was told, which is true, that he could be required to pay restitution to the government. You're saying but that's wrong because he wasn't told on which counts the restitution would be. They did tell him on which counts. But they told him wrong. Yeah. We're going to seek restitution on this count, this count, and this count. They didn't say we're going to seek restitution on this count, this count, and this count. What does that tell you? It tells me, well, I'm going to owe for those years, but I'm not going to owe for those years. Breyer. I see. The issue is reaching back to the — it all goes back to the question of can they reach back to the total tax loss over the course of the scheme, the scheme it was. Right. Right. If you tell me you're going to seek restitution here but not for this year, I think okay. After a certain point, he was notified. No. I mean, after a certain point, you mean? After the plea. I mean, he was well aware, no objection. I mean, look, maybe this gets to you in effective assistance of counsel. No, I don't think he was — I mean, they were arguing about the amount of restitution that's true in the sentencing memo. So I suppose in that sense, he probably knew, yeah. Well, good. I think you're right. I think you're right, Judge. I think I'm right. So the second thing is this isn't just a question of checking the box. They prepared a restitution order that's prepared, you know, that's prepared under a different statute than the statutes that allow for — they prepare a restitution order. They submit it to the judge. The judge issues it. They begin then to — they've levied on a whole bunch of his accounts. The money is sitting in the district court. I don't know what she's talking about, what my sister is talking about, when she says it's just a question of checking or we just move the — we just move the date on the restitution order. There's a restitution order. It should be vacated. All that money that they seize pursuant to it — No, no, no, no. Yeah. There's some interstitial space between affirmance and vacature. It's remand for a fix. Yeah. Do you have a problem with that? Well, but the fix should be to vacate the restitution order and to fix the — I don't think there's any necessity to fix the order of supervised release. The judge can order a supervised — the judge can order a restitution as a condition of supervised release, but it doesn't start until he's on supervised release. But if that's — if that's what we were willing to do, would you have a problem with that? Vacating the restitution order? Modifying the judgment to provide that restitution doesn't commence until supervised release. Oh, I have no problem with that.  in a tax case. But — You can do it as a condition of — I have no authority to impose restitution as a condition of supervised release. You can — that's fine. And I haven't — I haven't said there's anything wrong with that. Right. So — It's just that there's two — If we modified the judgment to make it clear that restitution is simply a condition of supervised release and it's not to commence until he concludes his sentence, what would be the problem? And what about the restitution order that is sitting now in the records of the district court? There's a restitution order that acts as a civil judgment against him that has all kind of — that has allowed them to go — has allowed the government to go and seize all of his assets? You're saying — Does that just sit there? I mean, that has to come out. What you're saying is that the fix is a little more complicated than just modifying the judgment, because if the restitution order stays in place as it currently exists, the government is entitled to levy on assets of Mr. Adams now. And that has to go. And all of that may suggest that the right remedy, if we conclude that the current restitution order and judgment are in error, is to send it back to the district court, tell the district court that that was error, and let the district court then proceed to do whatever is necessary to undo the error. Okay. One more just quick point, and that is they make a big deal — the government makes a huge deal about the fact that, well, the probation report indicated that the guidelines were above the statutory — were above the statutory maximum. In their appendix, they present to you one of the plea bargain letters that they gave to Mr. Adams that he did not enter into. And that was a deal where he would face a maximum — a statutory maximum of 5 years with a guideline range higher than that. Okay? So assuming that Adams reads everything, he reads that, he says, well, I mean, if I've got a guideline range higher than the 5 years, the most I can get is 5 years, which is exactly what I'm saying here. The problem is — I think you're right. That's what most people would think, right, is that you've got two separate things that operate independently. You've got a statutory maximum and you've got a guideline range. And the statutory maximum, whatever you think that might be, would trump the guideline range. Right. In fact, that's not even correct, because the guideline range is not — if the statutory maximum is 60 months, the guideline range is not 51 to 63. It's actually 51 to 60, because there's a provision in the guidelines that substitutes the statutory maximum for the top. And nobody understands that. We know that. We know that. Well, I'm glad you do, but a lot of defense lawyers don't and a lot of people don't. Probation offices know it, you know. Yes. You see that in frees all the time. That's absolutely right. Adams, Adams. Adams does not know that. And then the final thing that I want to say is please don't send this back to the same district judge. I made a motion. I mean, you can see what — you can see how unfair she has been. On January 8th, 2019, I made a motion that he be released on bond. The judge didn't rule on it. I called the clerk. The clerk didn't rule. I filed a motion. Please rule on it. She wouldn't rule on it. I took an appeal to this Court. You denied my appeal. Why? Because the rule requires that the district courts state orally in writing the reasons for denying it. I didn't have that to present to you. In June, the guy's mom died. I said, could you just — I filed a motion. Could you just release him for two days so he can go to his mom's funeral? This is a tax evader. This isn't some gang member or terrorist. Not only did she deny the motion, she threatened me with sanctions. I have no idea what's wrong with asking a judge to release somebody on bond. She still hadn't ruled on it. And in that ruling, she said, okay, I'm going to deny that motion you made back in January. My statement of reasons will be forthcoming. It is now 275 days since I made a motion that this man be released on bond, and she still has not given me anything I can take to this Court to try to get him out on bond-pending appeal. She still has not provided the rule that Federal — the document, the Federal Rule of Appellate Procedure 9A requires that she give. And I think that's just an indication that this judge does not want this man out on bond and that I just don't face a fair forum when I return. This is the argument six of my motion. Yes. Was any of that about the bail and bond stuff? No, this has all happened since the — This has all happened since. That's why — that's why I'm taking more time than I should in order to try to tell you judges about it. Judges, thank you very much. Let me just ask the government, do you have any objection to vacating on this restitution issue and letting the district court — Thank you for asking. Yes, I do. You do have an objection. I have an objection to vacating and remanding to basically redo the restitution order and renew my request that it — the judgment be modified and affirmed as modified because — But would that mean we'd be vacating — that the restitution order would be vacated? So you're asking us to modify the judgment, and there's precedent for that. I think the rule — the statute allows it. It's less clear to me whether we have the same leeway to modify a restitution order that was entered at the same time, basically, as the judgment. Do you think we do? I think you do. So we should vacate the restitution order, is what you're saying. That's your objection? I — yes. My objection is I'm — I look at it this way. I think that there needs to be a modification to the restitution order in terms of the timing of payments. I want to urge this Court not to remand for a full hearing on restitution or something that is anything but very narrow in scope, given Mr. Adams' propensity for procedural mishaps in this case and the fact that the district court's intention to order restitution as a condition of supervised release, and the amount was very clear based on what the court did order. But the restitution order is premised on different statutes that you admit don't apply, right? The restitution order, the — so the order part of the restitution issue was a — the sentencing hearing made an oral pronouncement and then imposed a written judgment. And all of that is fine, albeit the payment issue is not clear. This restitution order came on March 7th, 2019, more than three months after the court held the hearing. And that is not — that order should not be taken as determinative and in some cases even reflective of what the district court intended and what the district court actually did. The court in the docket entry at Government Appendix 46 expressly limited the terms of that later restitution order, which is in a form that the clerk's office in our district prefers. The court in the docket entry expressly limited the reach of that restitution order, saying we're reiterating the order of restitution in the same amount and same terms as previously ordered at the sentencing, and went so far as to specifically reference the official court transcript as well as the judgment that had been entered at the time of sentencing. Breyer. But the same terms would mean effective immediately. The same terms would mean effective immediately, but I don't think that the court was clear as to which statute it was using. Isn't that a reason to remain, to let the district court do this in the first instance instead of asking us to do it? Or we just vacate the restitution order. With the narrow statute. Modify the judgment. Restitution is a part of supervised release, but there's no restitution order that authorizes the government to do anything under statutes that don't even apply. Why is that not a logical alternative? The part of the judgment refers to not only 3663 and 3663a, but also any other statute under which restitution was authorized. But the restitution order is a form, basically, and it just – and it cites the statutes that you now admit don't apply, right? Or any other statute authorizing restitution which 3583d does. Okay. So the first line of the restitution order says the defendant, David M. Adams, shall pay restitution in the amount of $4.8 million and change pursuant to 18 U.S.C. section 3663. Is that accurate? This is appendix – government appendix 507. That's the form of the judgment that came in March. Yeah. And our argument is to the extent that is inconsistent with the judgment that the Court entered at the time and the Court's oral pronouncement, that single reference to 3663a should not determine. That was wrong. I think it was wrong, and I don't think it determines the statute under which the Court ordered restitution. But it's not inconsistent with the judgment. It is exactly what the judgment is, because the judgment says he pays immediately, and the only statutory justification for that would be 3663. This is true. There is an error with respect to where the payment is. Yeah. And is Mr. Donovan wrong when he tells us that pursuant to the restitution order, which operates as a judgment, assets of Mr. Adams have already been levied upon and seized by the government? In furtherance of the restitution obligation? There is some enforcement activity that started to happen. This is a bit beyond the scope of this appeal. But what I can say is that there was – has been some enforcement activity. And to further show the point that there was no objection to restitution, this counsel actually conceded to the freezing of one of Mr. Adams' bank accounts that the government made a motion to freeze in order to enforce the restitution order. And this counsel actually stated no objection to that freezing order. So why don't – you know, why isn't the obvious thing to do to send it back and let the district court sort it out? How can we, without even a record, decide what is the appropriate way to treat this restitution order, other than to say, as issued, it seems to be an error, district court, go figure out what the – what you want to do? Because I think there's a – a very important difference between what is ripe for appeal, what is – what has been briefed, researched, and is before this Court, which has to do with the validity of the restitution order. No, but you're asking – excuse me. You're the one who is asking us to do something very specific about what you concede to be error. Yes. And you're saying, but we can't look at or don't know about what the conditions are that might influence what an intelligent decision would be, right? Precisely because it's outside the scope of this record. All this stuff about has there been a levy or has there not been a levy, we don't know the answers to those things. None of that is in the record. But it would make a considerable difference, it seems to me, to figuring out what the consequences are of adopting your proposed remedy rather than the obvious one, which is to say if there's an error, it goes back to the district court to correct the error. And the district court can decide what it wants to do as a condition of release and what it doesn't want to do as a condition of release. And Mr. Adams' counsel can get up and say, well, fine, if you're going to impose this as a condition of supervised release, that's okay, but here are the sequelae that came from your error, and that needs to be undone. And then the district court will decide whether it does or doesn't need to be undone. And if either side doesn't like what the district court does, that side can appeal. I think that is certainly true, Your Honor. I think – I understand what you're saying. I'm seeing that there is a severability here having to do with how the restitution order was imposed versus any enforcement actions that are – that have been taken, which have not been briefed at all in the district court. If there is an objection to that, our FLU unit – I have not researched this issue because it's not on appeal – our FLU unit tells me that they believe they have authority to enforce the restitution order now, notwithstanding the fact that payments may be ordered to begin later. That's an issue to be briefed in a separate thing. Breyer. There might be an argument – I have no idea what the merits of it would be – that the government should be allowed to freeze his various assets so that he doesn't dissipate them before the time that the restitution clicks in. Whether that's a good argument or not – I have no idea – hasn't been briefed, is not before us. But all of that could be briefed, could be argued in the district court, but it should be done, it seems to me, with clarity that the current restitution order is not controlling of that, right? Which is why I'm suggesting – I don't think that the nature of enforcement needs to be wrapped up in this Court's determination of how to remedy the error in the timing of payments, that that restitution order error can be dealt with, and then the parties can do whatever they're going to do with respect to it. All right. You started your argument by acknowledging that it was a big ask, which is why we're asking these follow-up questions. Yes. But we have your argument and the benefit of your argument in mind, as well as counsel at Mr. Donovan. I know I shouldn't do this, but all the levies are reflected in the ECF filings. As of my briefs to the district, we're saying you don't have the authority to do this. Okay. So my sister's saying she's talked to people in her office who tell her this. It's all in the record. It's all in the district court record. Okay. Rule of reserve decision. Thanks for your patience, Your Honor.